## The Town of BURTON *versus* Town of WAKE-FIELD.

In order to gain a settlement in a town in the eighth mode prescribed by the statute of January 1, 1796, the person residing in the town for seven years must be actually taxed each year for his poll.

THIS was an action of assumpsit for the support of a pauper alleged to have a settlement in the town of Wakefield and was submitted to the decision of the court upon the following facts.

The town of Burton expended in the support of the pauper who stood in need of relief the sum of $94 50, and due notice of the sum thus expended was given to Wakefield within ninety days from the time when the pauper was first relieved, and the notice duly returned.

The pauper went to Wakefield to reside in the year 1803, and resided there ten years in succession from that time. He never owned any real estate in Wakefield, nor had he at any time personal estate to the value of $250, but he had some personal estate for which he was taxed by the selectmen of Wakefield in each of the said ten years, no part of which taxes was ever abated. He was never taxed for his poll in Wakefield.

And it was agreed that if the court should be of opinion upon these facts that the pauper gained a settlement in Wakefield a default should be entered, otherwise the plaintiff to become nonsuit.

*Mason*, for the plaintiffs, contended that as the pauper was liable to be taxed, the omission to tax him for his

poll was a fraud and could not prevent his gaining a settlement.

*Sawyer*, for the defendants.

*By the court.* If the pauper in this case gained a settlement it must have been under the following clause in the statute of January 1, 1796. "Any person of the age of twenty-one years who shall hereafter reside in any town or district within this state, and being taxed for his poll for the term of seven years shall pay all taxes legally assessed on his poll and estate during said term shall be an inhabitant in said town or district." We have always held that in order to gain a settlement under this clause it was essential that the poll should be taxed. We have been induced to come to this opinion by comparing the language of this clause with that in the clause which enacts that a person having real estate of the value of $150, or personal estate of the value of $250, and paying all taxes assessed upon his poll and estate for four years shall gain a settlement. This clause does not require that the poll and the property should be taxed to give a settlement, and it has been decided that it is enough to give a settlement, if the person has estate of the value specified in the statute and pays what taxes may be actually assessed.

But in the clause of the statute on which the question now to be decided arises, it is made necessary by the express terms of the statute that the poll should be taxed. And we are of opinion that this provision was introduced with the intent to enable towns to prevent persons of very little property gaining a settlement by omitting to tax their polls. Such is believed to have been the general understanding of the community, and the constant practice has been in accordance with that understanding. Indeed, it is difficult to conjecture why the words "*being taxed for his poll*" were introduced into this clause if not for that purpose. So far then are we from considering the omission to tax a person for his poll as a

fraud, that we consider it the legitimate use of a provision in the law intended to protect towns from the burthen of supporting poor persons who may have resided in them. The omission to tax the poll is an election that the person shall not become an inhabitant, and it is an election which the selectmen to whom is entrusted the management of the prudential affairs of the town are in our opinion competent to make. *Weare* v. *New Boston* ; 3 N. H. Rep. 203.

Burton<br>v.<br>Wakefield.

*Judgment for the defendants.*