## HENNIKER *vs.* WEARE.

In order to gain a settlement under the eighth mode prescribed in the statute of January 1, 1796, the party must have been taxed for his poll seven years in succession.

ASSUMPSIT, for the purpose of recovering money expended by the town of Henniker, for the support of Abigail Greenleaf, and Mary Greenleaf, paupers, alleged to have their settlement in Weare, submitted to the determination of the court upon the following statement of facts.

Nathan Greenleaf, the father of the paupers, and from whom they derive their settlement, had his settlement in the town of Weare previous to 1803. Said Nathan resided in Henniker from 1803 to 1827, and was there taxed for his poll in the years 1803, 1804, 1805, 1806, 1807, 1813, 1826, and 1827; and paid all taxes assessed upon his poll and estate during each of said eight years.

Judgment to be rendered for the plaintiffs for $51.00 damages, and costs, or for the defendants, for costs, according to the opinion of the court upon the foregoing case.

*J. J. Prentiss,* for the plaintiffs.

*D. Steele, Jr.,* for the defendants.

GREEN, J. The paupers have the settlement of their father, wherever that may be. He had his settlement in the town of Weare, and unless that settlement has been lost by his having gained a settlement in Henniker, this action is well brought.

The statute of January 1, 1796, " to ascertain the ways by which persons may gain a settlement," &c., enacted, as the eighth mode, that " any person of the age of twenty-one years, who shall hereafter reside in any town or district

within this state, and being taxed for his poll for the term of seven years, shall pay all taxes legally assessed on his poll and estate during the said term, shall be an inhabitant in said town or district." A similar provision in substance is found in the statute of December 16th, 1828.

There is no pretence that Nathan Greenleaf, the father, has ever gained a settlement in Henniker, unless it is under this provision of the act of 1796. He has been taxed in Henniker more than seven years since the passage of the act, but no more than five years in succession ; and he has paid all the taxes which have been assessed upon his poll and estate. The question then is, whether, in order to gain a settlement under this clause, it is necessary that he should be taxed seven years in succession.

It seems to have been the policy of the law here, at a very early period, to give the towns, or the selectmen acting as their agents, an election to say who should, and who should not, obtain a settlement. An act of the 5th Geo. I. provided that if any person should come to sojourn or dwell in any town, and be there received and entertained by the space of three months, not having been warned to leave the place, &c., every such person, should be reputed an inhabitant of such town, to be relieved by such town in case of need. An act of the 11th of Geo. III. extended the time in which the warning might be given, to the term of one year. *N. H. Laws* (*ed.* 1815, *App.*) 593.

The act of February 15, 1791, provided that every person who had lived one year in any town, should be deemed an inhabitant, unless some time before the expiration of the year such person should have been warned to depart, &c. ; with a further clause, that the taxing of any person so warned, for such lands, property and rateable estate as he might have, should not be considered or construed as entitling the person so taxed to the rights and privileges of an inhabitant, or in any wise operate to injure or lessen the force and effect of such warning.

Under these acts very shrewd selectmen, in some instances, warned all persons who came into town to depart, in order to prevent their gaining a settlement, although such was not the design of the statutes. 8 *N. H. R.* 439, *Jaffrey* vs. *Mont-Vernon.*

The statute of January 1, 1796, specified several modes in which a settlement should be gained, the eighth of which has already been stated. This statute was doubtless intended to enable persons to gain a settlement, under some circumstances, without the assent of the town, or its selectmen. It enacted, as the fourth mode, that " any person, of twenty- ' one years of age and upwards, having real estate of the ' value of one hundred and fifty dollars, or personal estate of ' the value of two hundred and fifty dollars, in the town or ' district where he dwells and has his home, and shall for the ' term of four years pay all taxes duly assessed on his poll ' and the estate aforesaid, shall thereby gain a settlement in ' such town or district." But it was not intended that all the power of the town, or its agents, to debar persons from gaining a settlement should be taken away. This is evident from the difference of the phraseology in the fourth and eighth sections, which have been cited. If the person had a certain estate, and paid all taxes assessed, he gained a settlement. But in that case, it was not made necessary that any should be assessed. 3 *N. H. R.* 349, *Rochester* vs. *Chester.* No omission to tax, in such case, would prevent the party from gaining a settlement, because with such an amount of property there ought not to be any such omission.

In the other case, however, where property was not shown to have existed, the person must have been taxed for his poll for the term of seven years, and have paid all taxes. If not taxed, he gained no settlement. Nathan Greenleaf would not have gained a settlement, under this clause, if the selectmen ought to have taxed him, and had wrongfully omitted so to do. But the selectmen are not bound to assess in all instances. The statute intended that they might omit to

tax, where they apprehended danger of pauperism ; and this power seems to have been substituted instead of warning out. 3 *N. H. R.* 203, *Weare* vs. *New-Boston ;* 4 *N. H. R.* 47, *Burton* vs. *Wakefield.*

And we are of opinion that in order to gain a settlement under this eighth clause, the party must have been taxed seven successive years. He is to be taxed " for the *term* of seven years." This indicates clearly, when taken in connexion with the considerations already adverted to, that the taxation must be in consecutive years. The word " term" would otherwise have no force whatever. But there seems to be no reason why it should not have its full force ; and as Nathan Greenleaf was not taxed in Henniker for any " term of seven years," he gained no settlement in that town, and there must be

*Judgment for the plaintiffs.*